IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN R. DOUGLAS,

                Petitioner,

     v.                               CASE NO. 04-3462-RDR

E.J. GALLEGOS,

                Respondent.

### MEMORANDUM AND ORDER

    Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking relief on allegations of error regarding the computation of good time credits in his federal sentence.

    Petitioner is serving a sentence of 168 months imposed in January 1995 upon his conviction in the United States District Court for the District of Utah for possession of a controlled substance with intent to distribute. Petitioner challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP). An order to show cause issued, respondent filed an Answer and Return, and petitioner filed a traverse.

    Petitioner contends BOP is not complying with language in 18 U.S.C. § 3624(b) which he claims unambiguously entitles him to 54 days of GCT for each year in the term of the sentence imposed, absent any administrative or disciplinary loss of good time. Petitioner alleges his projected release date should thus be in May 2006, rather than in August 2006 as calculated by BOP. Petitioner argues the BOP's calculation of GCT based on time actually served by petitioner, rather than on the sentence as imposed, is contrary to

clear Congressional intent and the plain meaning of "term of imprisonment" in § 3624(b). Administrative responses to petitioner's grievance on this issue set forth BOP's calculation of petitioner's GCT in accord with BOP's interpretation of § 3624(b) as contained in 28 C.F.R. § 523.20 and BOP Program Statement 5880.28.

As legal authority for his claim, petitioner cites <u>White v. Scibana</u>, 314 F.Supp.2d 834 (W.D.Wisc. 2004). However, this district court opinion was reversed in <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004, *cert. denied*, __ U.S. __, 125 S.Ct. 2921 (2005). Moreover, in <u>Thompson v. Gallegos</u>, 2005 WL 2403822 (D.Kan. September 29, 2005)(unpublished opinion), this court considered the precise claim raised by petitioner and found it to be without legal merit. In <u>Thompson</u>, this court rejected petitioner's legal argument and adopted the position of the Seventh Circuit Court of Appeals in <u>White</u>. For the reasons stated in <u>Thompson</u>, which the court attaches hereto and incorporates herein, the court finds BOP's interpretation and implementation of 18 U.S.C. § 3624(b) in calculating petitioner's sentence is entitled to deference and is lawful, and concludes petitioner has not stated a claim for federal habeas corpus relief.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED: This 1st day of June 2006, at Topeka, Kansas.

                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge

2